IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 25, 2006

**STATE OF TENNESSEE v. LEE TURNER**

**Direct Appeal from the Circuit Court for Marion County**
**No. 7139    Thomas W. Graham, Judge**

---

**No. M2005-02749-CCA-R3-CD - Filed March 16, 2007**

---

J.C. McLin, Judge, dissenting.

Because I conclude that the trial court committed reversible error in giving its instructions to the jury, I am unable to join the majority's affirmance of the appellant's sentence and respectfully dissent.

The record reflects the appellant was charged with and convicted of misdemeanor assault. On the date of trial, the record reveals the jury retired at 3:05 p.m. to begin deliberation. At 5:05 p.m., the jury sent a note to the trial court, stating that it was deadlocked. One minute later the jury returned to the courtroom, and the trial court instructed the jury as follows:

> Ladies and gentlemen of the jury, I understand, I understand [sic] that you all are having difficulty reaching a unanimous decision in this case and you've been out for a pretty good while for the amount of time that we had the proof on, so I'm, not going to keep you too much longer, but if we accept a hung jury situation obviously what happens is we have to retry the case before another jury and so be it if you all can't agree, but I do want you to listen to the charge, this was in your charge before, but we're allowed to read this back to a jury when they're having difficulty. I want you to listen to this closely, it is important that you all deliberate with an agreement of reaching - - with a mind of reaching a verdict if you can do so. What I am allowed to restate to you is this [:]
>
> Ladies and gentlemen, it is your duty as jurors to consult with one another and to deliberate with a view of reaching an agreement if you can do so without violence to your individual judgment. Each of you must decide this case for yourself, but do so only after an impartial consideration of evidence with your fellow jurors. In the course of your deliberations you should not hesitate to re-examine your own views and to change your opinion if convinced that it is erroneous. But do not surrender

your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

So go back and take another look at this evidence and what somebody thinks is there or isn't there and see if you can't bridge the gap, if you can't then that's fine. We'll call you back in a little while and if we have to we'll declare a mistrial, that's what happens when a jury can't reach a verdict and the case could be retried again at another time.

Okay, all rise and allow the jury to go back to the jury room.

Some fifteen minutes later, the jury returned to the courtroom and announced a verdict of guilty.

The appellant contends, and I agree, that the trial court's instructions constituted reversible error because the instructions unduly intruded upon the exclusive province of the jury. The majority seems to rely on State v. Baxter, 938 S.W.2d 697 (Tenn. Crim. App. 1996), where the trial court instructed the jury to continue their deliberations after being informed that the jury could not reach a verdict. The court instructed the jury as follows:

You've actually deliberated a relatively short period of time. That's less than three hours. I'm not-don't know how long I'm going to have you deliberate. It could go to tomorrow. At any event, I'm going to have you continue to deliberate. I'd ask that – this is an important case. A lot of time and effort has been put into the case. I would hope that you would continue and attempt to come to a verdict. In any event, I'm going to discharge you to continue to deliberate.

Id. at 703. Less than twenty-five minutes later, the jury returned with a guilty verdict. Id. On appeal, a panel of this court affirmed the conviction, stating,

Here, the court, in effect, ordered the jury to continue deliberating. It did not direct any of its comments to jurors in the minority, nor did it urge such jurors to reevaluate or to cede his or her views to those of the majority. Similarly, the court did not impose a deadline on the jury for its deliberation.

Id. at 704.

Our supreme court in Kersey v. State, 525 S.W.2d 193 (Tenn. 1975), offered specific guidance to trial courts when confronted with deadlock juries. The court noted that "[t]he right of trial by jury may not be impaired or encumbered with conditions which, in their practical operation, may embarrass or violate the free and full enjoyment of the right." Id. at 144. Accordingly, the court held that when confronted with a deadlocked jury, a trial court must give the jury the following instructions:

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Id. at 145; see also Tennessee Pattern Jury Instruction 43.02. Our supreme court expressly held that when rendering these instructions "[s]trict adherence is expected and *variations will not be permissible*." *Id*. (emphasis added).

In the case at hand, I perceive a number of errors in the trial court's instructions to the deadlocked jury. First, the trial court imposed a deadline, stating "I am not going to keep you much longer." Second, the trial court compared the deliberation time with the length of the trial stating, "you've been out for a pretty good while for the amount of time that we had the proof on." Third, the trial court informed the jury of the consequences for a failure to reach a verdict, stating "we'll declare a mistrial, that's what happens when a jury can't reach a verdict and the case could be retried again at another time." Finally, the trial court told the jury to "see if you can't bridge the gap." In my opinion, such comments may have caused the jury to compromise its independence in arriving at a verdict some fifteen minutes later. As our supreme court noted in Kersey, jury instructions may not "operate to embarrass, impair and violate the constitutional right of trial by jury. Any undue intrusion by the trial judge into this exclusive province of the jury, is an error of the first magnitude." *Id*. at 144.

For the reasons stated above, I would reverse and remand for a new trial.

_____
J.C. McLIN, JUDGE